## THE STATE *versus* ROBERT HULL.

In an indictment for *causing* a nuisance, under c. 164, § 7, of the Revised Statutes, it is not necessary to allege that the nuisance was *continued*.

HULL was indicted at the March Term of the District Court for causing a nuisance in the city of Portland. There was no averment in the indictment, that the nuisance was continued. The defendant demurred, and the demurrer was joined.

*Codman & Fox,* for Hull, contended that the indictment was bad, because it did not show, that the nuisance was continued by Hull, as well as caused by him. The statute is imperative, that the nuisance must be continued, to render the defendant liable. Rev. St. c. 164, § 7.

*Bridges,* Attorney General, for the State, thought the statute negatived the position taken in support of the demurrer, the statute makes the person causing, or continuing, the nuisance liable. One may cause it, and another may continue it, and each may be liable. It is not necessary that there should be any judgment to abate the nuisance.

State *v.* Hull.

The opinion of the Court was by

TENNEY J. — The defendant is indicted for causing a nuisance in the city of Portland under the Revised Statutes, c. 164, § 7. He demurs to the indictment and contends, that it is bad, because it is not alleged therein, that it is a continuing nuisance. We do not think such an allegation necessary in order to charge him effectually with a violation of the law. One may be guilty of erecting or causing a nuisance, which he does not continue ; and if it were required, that there should be a finding by the jury, that the accused was guilty of erecting, causing, *and* continuing, &c. the statute might be entirely evaded ; and the seeds of disease and pestilence might be widely scattered in our cities with impunity. An abatement of the nuisance may not be ordered, unless there be enough in the indictment to show that it continues, but the language of the statute is in the alternative, and the offence is committed by any one, who erects, causes *or* continues a public or common nuisance.

*Indictment adjudged good.*