(Decided 17th June, 1879.)

---

## STATE OF MARYLAND *vs.* JOHN FOX.

*Constitutionality of the Act of* 1878, *ch.* 108.

The Act of 1878, ch. 108, entitled " An Act to add an additional Article to the Code of Public Local Laws, to be entitled Garrett County," is clearly not a law creating or permitting any of the mischief, it was the design of sec. 29 of Art. 3 of the Constitution to prevent.

APPEAL from the Circuit Court for Garrett County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ROBINSON and IRVING, J.

*J. W. Veitch, State's Attorney for Garrett County,* and *Charles J. M. Gwinn, Attorney General,* for the appellants.

The purpose of the Act of 1878, ch. 108, was to provide for the local government of Garrett County. The unity of the subject is sufficiently expressed in the title of the Act, and in the direction contained in such title, that the Act should be added to the Code of Public Local Laws. *State vs. Town of Union,* 33 *N. J. Law,* 353, 354; *State vs. Newark,* 34 *N. J. Law,* 239; *People vs. Briggs,* 50 *N. Y.,* 553; *Brandon vs. State,* 16 *Ind.,* 197; *People vs. Mahaney,* 13 *Mich.,* 495; *Parkinson vs. State,* 14 *Md.,* 194, 195; *Mayor of Annapolis vs. State,* 30 *Md.,* 118, 119; *McGrath vs. State,* 46 *Md.,* 632; *Sedgwick on Stat. and Const. Law,* 521 *note;* 50 *Md.,* 28, 62, 245, 574.

*Thomas J. Peddicord* and *Andrew B. Gonder,* for the appellee.

Upon an examination of the Act of 1878, ch. 108, it will be found to contain twenty-six separate and distinct subjects, seventeen of which were heretofore passed as separate and distinct Acts of Assembly, to wit: one in 1862, one in 1864, one in 1868, seven in 1874, and seven in 1876. These seventeen Acts or subjects have all been changed and amended, and with nine other Acts, which appear for the first time, are put together and called ch. 108.

Do the words "Garrett County" describe any one of the twenty-six subjects embraced in the Act, or do they describe all these subjects combined? It is certain that the subject embraced in the Act is not described in the title as required by sec. 29, Art. 3, of the Constitution. It is also clear that none of the twenty-six Acts embraced in ch. 108, were passed by original bill, (as required by the Constitution,) before they were codified by the Act of 1878. 44 *Md.,* 67; 28 *Md.,* 244; 27 *Md.,* 452; 30 *Md.,* 112; 32 *Md.,* 369; 14 *Md.,* 185; 12 *Md.,* 236.

MILLER, J., delivered the opinion of the Court.

The defendant in error was indicted for a violation of sec. 40 of the Act of 1878, ch. 108, which prohibits and punishes as a felony the cutting down of timber and trees in Garrett County. The Court below entered a *pro forma* judgment sustaining a general demurrer to the indictment, and the record has been brought here for a review of that judgment. The State's attorney in his petition for the removal of the record as upon writ of error, drawn in pursuance of the *First Rule* regulating appeals, (29 *Md.*, 1,) alleges that by this judgment the Court decided that the Act of 1878 is unconstitutional, and designates that as the question to be heard and determined by this Court, and by the express terms of the rule referred to, we are confined to a consideration and determination of that question alone.

The Act in question is entitled " An Act to add an additional Article to the Code of Public Local Laws to be entitled Garrett County," and the principal objection to its validity (and indeed the only one requiring notice,) is that it violates the constitutional requirement that, "Every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." Laws have been frequently assailed upon this ground, and we have very recently had occasion to consider many cases of this kind, but we have not met with an instance in which we have found a law less open to the objection than this. Garrett is a new county; and its organization took place under the Act of 1872, ch. 312, which was passed in pursuance of Article 13 of the Constitution. It was, therefore, created a county many years after the codification of the Public Local Laws of the twenty-one counties and the City of Baltimore, which then constituted all the territorial divisions of the State for governmental purposes. These Public Local Laws are contained in the second volume of the Code, and are

State *vs.* Fox.

codified in separate Articles entitled of the respective counties to which they severally belong, and each Article embraces all the numerous provisions pertaining to the internal government and local administration of the county affairs, among which are provisions, not the least in importance, creating and punishing various offences. After the formation of Garrett County several separate laws had been passed regulating its government, and by the Act of 1878 these were amended, additions made to them, and the whole arranged in appropriate sub-divisions and sections to the number of one hundred and thirty-three, precisely in the same manner as the Local Laws of each of the other counties are sub-divided and arranged in the Code of Public Local Laws. It was unquestionably within the power of the Legislature to pass such a law. Its convenience and usefulness are apparent. In passing this Act, it was evidently the object and purpose of the Legislature to frame and enact an entire system of Local Law for Garrett County. This is the *one subject* with which the law deals, and we do not see how that subject could be more tersely and accurately described, than by calling the Act designed to accomplish this purpose, "An Act to add *an additional Article to the Code of Public Local Laws* to be entitled Garrett County." In all its numerous provisions we find nothing *foreign* to the subject thus indicated by the title, and in our opinion it is clearly not a law creating or permitting any of the mischief, it was the design of this constitutional injunction to prevent.

It follows that the *pro forma* judgment sustaining the demurrer must be reversed, and the record remanded in order that the defendant in error may be tried upon the indictment against him.

*Judgment reversed, and*
*record remanded.*

(Decided 17th June, 1879.)