THE STATE v. HUGHES, *Appellant.*

1. **Venue.** This case is reversed because there is no evidence in the record that the venue of the offense was proven as laid.

2. **Impeaching Testimony.** It is competent for the State upon the trial of an indictment for larceny by way of impeaching the testimony of defendant's witness, after first laying the proper foundation, to show that the witness has stated that the property alleged to have been stolen was brought to defendant's house at night, and that she (the witness) did not know where it came from, but believed that defendant had stolen it. But it is not competent to show that she has stated that she overheard a conversation among members of defend-

ant's family in which they said that defendant, with others, had committed the theft. The latter is hearsay evidence of the most pronounced character and of the most damaging description.

3. **Putting Witnesses under the Rule:** DISCRETION OF THE COURT. Whether the witnesses should be excluded from the court room while the trial is in progress, is a matter resting in the discretion of the trial court, and the order of exclusion may in every case be so molded as to meet the requirements of justice. If the prosecuting witnesses are permitted to remain, it is not error for which the judgment will be reversed.

*Appeal from Henry Circuit Court.*—Hon. F. P. Wright, Judge.

Reversed.

*M. A. Fyke* for appellant.

*J. L. Smith,* Attorney-General, for the State.

Hough, J.—The defendant and one Stansberry were jointly indicted for a burglary and larceny committed either on the night of Tuesday, September 23rd, or Wednesday, September 24th, 1879. The defense was an *alibi*. Stansberry was acquitted and Hughes found guilty.

The venue as laid was not directly proven, and there is no evidence in the record from which the jury was authorized to infer that the offense charged was committed in Henry county. For this reason alone, the judgment must be reversed and the cause remanded, but as the case must be re-tried, we will briefly notice the other errors alleged.

1. VENUE.

Mrs. Hughes testified that her husband was at home during the whole of the night of the 23rd and of the 24th. Mrs. Stansberry, wife of the defendant Stansberry, testified that she and her husband were, during the whole of the night of Tuesday the 23rd at the house of a friend, some seven or eight miles from the place where the burglary was committed, and that during the whole of the night of Wednesday the 24th, she and her

2. IMPEACHING TESTIMONY.

husband were at the house of the defendant Hughes, and that Hughes was there also. Among the articles identified by the prosecuting witnesses as having been taken, were two smoothing irons, which Mrs. Stansberry testified belonged at the house and had been used by her during the entire summer of 1879. On cross-examination Mrs. Stansberry was asked if she had not stated to one Chapman, at a certain place, in the presence of a certain party, that Hughes had stolen these things; and she denied that she had so stated. The State, in rebuttal, introduced a witness who testified that she had, at the place and in the presence of the party named, stated to Chapman that the irons in question were brought to the house after night, and that she did not know where they came from, and that she believed that Hughes stole the goods. This testimony was objected to as incompetent, and as calculated to prejudice the jury. We think this testimony was properly admitted for the purpose of impeaching the credibility of Mrs. Stansberry; and the jury were informed by the court, at the time, that it was admitted solely for that purpose. It would have been entirely proper for the court, of its own motion, and its duty if so requested, to have instructed the jury that this statement was not of itself any evidence of the guilt of Hughes, and that it could only be considered by them in determining what credit they would attach to the testimony of Mrs. Stansberry. *State v. Kilgore,* 70 Mo. 546.

Another witness was introduced on behalf of the State, who testified in substance that Mrs. Stansberry had stated that she had overheard a conversation of the family to the effect that the defendant broke open the house, and that he, George Hughes, and Siegel Hughes had stolen the goods. This testimony was objected to and should have been excluded. Its admission is utterly indefensible upon any ground. It is hearsay evidence of the most pronounced character, and of the most damaging description, and even if Mrs. Stansberry had, during her examination, been in-

quired of as to this statement, as she was not, and had denied that she had made it, it would have been inadmissible for the purpose of contradicting her.

The defendant further objects that the court erred in permitting two of the prosecuting witnesses to remain in 3. PUTTING WIT- the court room at various times during the NESSES UNDER THE RULE: discretion progress of the trial after the witnesses had of the court. been put under the rule, and subsequently permitted them to testify. These witnesses were the owners of the property taken, and their presence was doubtless necessary to enable the prosecuting attorney to properly conduct the prosecution. The order excluding witnesses from the court room is a matter within the discretion of the court, and may be so molded as to meet the requirements of justice in each particular case. 1 Bishop Crim. Prac., § 1087. Vide also State v. Fitzsimmons, 30 Mo. 236. Judgment reversed and cause remanded. All concur.