THE STATE v. HARTNETT, *Appellant.*

75 251
111 577

1. **Criminal Law**: VENUE. No principle is better settled than that in a criminal case the venue must be proved as laid in the indictment. The proof may be either direct or indirect, but it must be one or the other, and the record must show it, or this court will reverse.

2. **Rape**: EVIDENCE. In a prosecution for rape, the prosecuting witness was asked by defendant's counsel what her object was in going to Scott's station, (where the rape was alleged to have been committed,) but the court refused to permit her to answer. *Held,* error.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Belch & Silver* and *Ewing & Hough* for appellant.

*D. H. McIntyre*, Attorney General,·for the State.

NORTON, J.—Defendant was indicted in the Cole county circuit court at its December term, 1881, charged with the crime of rape. Upon this indictment he was tried and convicted, and brings the case here by appeal, assigning among others as a reason for reversing the judgment, that the record fails to show that the offense charged was committed in Cole county.

No principle is better settled than that in a criminal case the venue must be proved as laid in the indictment, and that in order to a conviction it is as important to prove that the offense was committed in the county where it is charged to have been committed, as to prove that the defendant committed it. This fact, like any other, may be established either by direct or indirect evidence, but it must be established either by one or the other of these methods. After a careful examination of the bill of exceptions, we fail to find either direct or indirect evidence of the fact that the crime charged was committed in Cole county, the evidence introduced, as shown by the record,

only tending to prove that the offense was committed near Scott's station. There was no evidence that Scott's station was in Cole county. As the fact of venue is always susceptible of direct proof, it may have been made in this case, but if so, the record before us (upon which we alone can act), whether through inadvertence or otherwise, fails to disclose it, and under authority of the case of the *State v. Hughes,* 71 Mo. 633, the record in which case is similar to the one in this, the judgment will be reversed and cause remanded.*

It is proper to state, as the cause will be retried, that while I do not think error was committed by the court in refusing to allow the prosecuting witness to state, in answer to a question asked by defendant's counsel, what was her object in going to Scott's station, a majority of the court are of opinion that the question was a proper one and that the witness ought to have been permitted to answer it.

Except in the particulars mentioned the cause seems to have been fairly and properly tried. All concur.