THE STATE v. INMAN, *Appellant.*

**Criminal Law**: VENUE. Where there is no evidence in the record that the venue of the crime was proved or the question of venue was submitted to the jury, a judgment of conviction will be reversed.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*R. A. DeBolt* and *George Hall* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

RAY, J—Defendant was indicted in the circuit court of Grundy county at its January term, 1882, for robbery in the first degree. At the August term, 1882, of said court, he was tried and convicted, from which judgment he has appealed to this court, and among other things assigns for error that the question of venue was not submitted to the jury, in the instructions given by the court;

and that there was no evidence that the crime charged was committed in Grundy county. The record before us shows that both of these objections are well taken.

It is well settled, in this state, that, in criminal cases, the venue laid in the indictment, must be proved, either by direct or indirect evidence, like any other fact, and that whether or not, it had been so proven, is a question to be passed upon by the jury. *State v. McGinniss*, 74 Mo. 245; *State v. Hartnett*, 75 Mo. 251. The prosecuting witness testified that, on the evening of the 9th of December, 1881, while on his way from Jamesport to Trenton, about a half mile on the south side of the bridge near Col. Gilham's farm, the defendant, Harry Ridgeway and Thomas Dyer, assaulted and robbed him. There is no evidence in the record that the place designated by said witness was in Grundy county, and the question as to whether it was or not in said county is not submitted to the jury in any of the instructions given by the court, and under the rulings heretofore made by this court, the judgment must be reversed and the cause remanded, in which all concur.