THE STATE v. WHEELER, *Appellant.*

1. **An Instruction** which assumes a contested fact, is bad.
2. **Venue.** If the record in a criminal case fails to show that the venue was proven, the judgment must be reversed.

*Appeal from Jasper Circuit Court.*—Hon. JOSEPH CRAVENS, Judge.

REVERSED.

*T. B. Haughawout* for appellant

*D. H. McIntyre,* Attorney General, for the State.

PHILIPS, C.—The defendant was indicted for burglary and larceny committed by entering a store-house through a window and taking a pair of boots. The court submitted the case to the jury solely on the offense of the alleged burglary, and not for the larceny. The jury returned a verdict of guilty of the burglary and assessed the punishment at three years' imprisonment in the penitentiary. The defendant has brought the case here on appeal.

Among the errors assigned by the appellant the one most complained of is the following instruction given by the court: "If the jury believe that soon after the commission of the burglary charged in the indictment, the property or any part thereof taken out of the building at the time of the burglary, was found in the possession of the defendant, such possession will be presumptive evidence of defendant's guilt, and if such possession of such stolen property is not satisfactorily explained by the defendant, it will be conclusive evidence of his guilt, and the jury are further instructed that it devolves upon defendant to explain such possession."

This instruction is faulty in that it assumes that the stolen property was taken out of the burglarized building. That was a fact to be found by the jury from the evidence.

Otherwise the instruction, under recent decisions of this court, is unobjectionable. Respectable authorities are not wanting to the effect that recent possession of stolen goods unattended by other circumstances, is not presumptive evidence of the burglary. *Davis v. People,* 1 Park. Cr. Rep. 447; *People v. Frazier,* 2 Wheel. Cr. Cas. 55; 2 Wharton Cr. Law, § 1605. But a contrary rule has been established in this and other states. *State v. Babb,* 76 Mo. 501, and authorities cited.

It does not appear from the record that any venue was proven in this case, and for that alone, if there was no other defect apparent of record, the judgment of the circuit court must be reversed. *State v. Babb, supra.*

The cause is accordingly reversed and remanded. All concur.