THE STATE OF MISSOURI, Respondent, v. DAVID McKAY, Appellant.

### Kansas City Court of Appeals, January 4, 1886.

CRIMINAL LAW—NO PROOF OF VENUE.—Where there was no evidence, either direct or from which it could have been inferred, that the offence was committed in the county, in which the indictment was found, the judgment will be reversed.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and remanded.*

The facts sufficiently appear from the opinion of the court.

A. W. Mullins, for the appellant.

I. This is not a case of variance, but of failure of proof. There was no proof of the road, or of its locality. Wharton Cr. Evidence (8 Ed.) sect. 109 ; Kelley's Criminal Law and Practice, sect. 182. The instructions ignore the issues.

II. Defendant's instruction in the nature of a demurrer to the evidence should have been given. It was not shown that the offence, if committed at all, was committed in Linn county. The judgment cannot stand. *State v. Hartnett*, 75 Mo. 251 ; *State v. Wheeler*, 79 Mo. 363 ; *State v. Apperger*, 80 Mo. 173.

No brief on file for the respondent.

Hall, J.—The defendant was indicted for obstructing a public road. There was no evidence, direct or from which it could have been inferred, that the offence was committed in Linn county. For this reason the judgment must be reversed. *The State v. Hughes*, 82 Mo. 88 ; *The State v. Apperger*, 80 Mo. 173 ; *The State v. Wheeler*, 79 Mo. 366 ; *The State v. Inman*, 76 Mo. 548 ; *The State v. Babb*, 76 Mo. 503 ; *The State v. Hartnett*, 75 Mo. 251 ; *The State v. Burgess*, 75 Mo. 541 ; *The State v. Hughes*, 71 Mo. 633.

The judgment reversed and the cause remanded. All concur.