STATE OF MISSOURI, Respondent, v. EPHRAIM QUAITE, Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. PRACTICE—PROOF OF VENUE IN A CRIMINAL CASE CAUSE FOR REVERSAL.—The judgment, in a criminal case, must be reversed when the bill of exceptions fails to show that the venue, as laid in the indictment, was, directly or indirectly, proved. Proof that the alleged offence was committed in a particular town, in the absence of evidence tending to show that the town was in a particular county, was not proof of the venue as laid in the indictment.

2. KANSAS CITY COURT OF APPEALS—RULES OF DECISION IN CERTAIN CASES.—By the amendment to the constitution of this state creating this court, we are bound by "the last previous rulings of the supreme court on any question of law or equity," and in such

cases authorities from other states cannot avail where the law is settled contrary to them in this state.

APPEAL from the Cass Circuit Court, Hon. NOAH M. GIVAN, Judge.

*Reversed and remanded.*

The case is sufficiently stated in the opinion of the court.

WOOLDRIDGE & DANIEL, for the appellant.

I.   It is not disputed that defendant had, and carried' for a time, a concealed weapon.   But the right to defend one's person is a natural and fundamental right, and the right to bear' arms in defence of one's home, person and property, *concealed* or not concealed, is a constitutional right.   Const. Mo. 1875, art. 2, sect. 17.   Nor has there been any attempt of the legislature to take it away in the revision of the statutes of 1879, or since.

II.   Section 1274, of the Revised Statutes, is only intended to prohibit the *practice* of carrying concealed weapons, and the following section (1275) provides that "it shall be a good defence to such a charge if defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defence of his person, home or property." *State v. Wilforth*, 74 Mo. 528.   From the evidence in this case defendant is clearly placed in the exception contained in said section 1275, of Revised Statutes.

III.   By an inspection of the record and bill of exceptions, it will be perceived that there was no venue proven, or attempted to be proven, which, of itself, is sufficient for a reversal.   *State v. Babb*, 76 Mo. 501 ; *State v. Wheeler*, 79 Mo. 366 ; *State v. Britton*, 80 Mo. 60.

W. L. JARROTT and RAILEY & BURNEY, for the respondent.

I.   It is conceded that a person, under certain circumstances, has a right to carry concealed weapons.

The instructions fairly presented this to the jury without objection. But the evidence in this case showed that defendant's pretense for carrying a pistol was a subterfuge. *State v. Cook*, 58 Mo. 546; *State v. Warner*, 74 Mo. 83; *State v. Thomas*, 78 Mo. 342.

II. There is no pretense that any of the instructions given were wrong, and the testimony tending to support the verdict, this court will not reverse the finding of the jury. See cases *supra*.

III. Defendant objects to an instruction given by the court after the jury had retired and were unable to agree. His counsel were present and objected to it. But the instruction properly declared the law, and the defendant could not have been injured by it. Section 1920, of the Revised Statutes, authorizes the action of the court in this case. The giving of such instruction in a civil case would not have been ground for reversal. *Dowzelot v. Rawlings*, 58 Mo. 78; *Allen v. Snyder*, 82 Mo. 259.

IV. The venue was distinctly proven, but the bill of exceptions fails to show that fact. But the motion for new trial fails to refer to that fact, and it is too late to question it now. Sect. 1967, Rev. Stat.; *State v. Maupin*, 65 Mo. 65, and cases cited; *Carver v. Thornhill*, 53 Mo. 283. After verdict such judgments ought to stand, and the supreme court appears to ignore the statute changes. See sect. 1821, Rev. Stat.

V. The courts will take judicial notice whether a city or town is in a state. *State v. Laffer*, 38 Ia. 426.

HALL, J.—The defendant was indicted for carrying a concealed weapon upon his person at the county of Cass. The evidence tended to show the commission of the alleged offence at the town of Freeman. There was no other proof of the venue.

The judgment in a criminal case must be reversed when the bill of exceptions fails to show that the venue, as laid in the indictment, was, directly or indirectly, proved. *State v. Hughes*, 82 Mo. 88; *State v. Apperger*, 30 Mo. 174; *State v. Wheeler*, 79 Mo. 366; *State v. Babb*,

76 Mo. 503 ; *State v. Inman,* 76 Mo. 548 ; *State v. Hart-nett,* 75 Mo. 251 ; *State v. Burgess,* 75 Mo. 541 ; *State v. McGinniss,* 74 Mo. 246 ; *State v. McGrath,* 73 Mo. 182 ; *State v. Miller,* 71 Mo. 90 ; *State v. Hughes,* 71 Mo. 634 ; *State v. Myer,* 64 Mo. 190.

Proof that the alleged offence was committed in the town of Freeman, in the absence of evidence tending to show that said town was in Cass county, was not proof of the venue as laid in the indictment. *State v. Hartnett,* 75 Mo. 251 ; *State v. Burgess,* 75 Mo. 541.

By the amendment to the constitution of this state, creating this court, we are bound by "the last previous rulings of the supreme court on any question of law or equity." Without reviewing the argument by the counsel for the state, and the authorities cited in support thereof, against the reversal of the judgment herein, on account of the failure of the bill of exceptions to show proof of the venue, it is sufficient to say that by the cases above cited the law is settled in this state against said argument.

Judgment reversed and cause remanded.   All concur