STATE OF MISSOURI, Respondent, v. JOHN HOPPER,
Appellant.

St. Louis Court of Appeals, April 6, 1888.

1. VENUE.—Proof of the venue, by direct or indirect evidence, is
essential to a conviction of an offence under the statute.

2. INDICTMENT—LIMITATIONS.—Where the indictment must be found
within one year from the date of the commission of the offence,
proof tending to show that the offence was committed more than
a year prior to the finding of the indictment will not support a con-
viction.

APPEAL from the Wright County Circuit Court, W.
J. WALLACE, Judge.

*Reversed and remanded.*

JOHN O'DAY, E. D. KENNA and F. M. MANSFIELD,
for the appellant: Venue must be proved. *The State v.
Hartwell*, 75 Mo. 251; *The State v. Burgess*, 75 Mo.
541; *The State v. Hughes*, 82 Mo. 88.

THOMAS H. MUSICK, for the respondent.

ROMBAUER, J., delivered the opinon of the court.

The defendant was indicted in the Wright county
circuit court for a misdemeanor in carrying concealed
weapons. He was arraigned and tried upon this charge,
found guilty, and sentenced to pay a fine.

Appealing to this court, the defendant complains,
among other things, that the evidence fails to show that
the offence was committed in Wright county, and
that it affirmatively appears, that the offence, if any, was
committed more than one year prior to the finding of the
indictment.

To support a conviction it is as important to prove
that the offence was committed in the county where it is

charged to have been committed, as to prove that the defendant committed it. The venue must be established by either direct or indirect testimony, and can not be inferred. In this case it is established by neither, and this in itself is fatal to the conviction. *The State v. Hughes*, 71 Mo. 633; *The State v. McGinnis*, 74 Mo. 245; *The State v. Hartnett*, 75 Mo. 251; *The State v. Burgess*, 75 Mo. 541; *The State v. Babb*, 76 Mo. 503.

The only evidence in the record as to date shows the offence to have been committed, if at all, on or about the twenty-second day of February, 1884. The indictment was found on the fifth day of March, 1885. Under the statute (Rev. Stat., sect. 1705), it is essential to a valid prosecution for this offence that the indictment be found within one year after its commission. Proof of any date within one year prior to the finding of the indictment would have been sufficient, but proof of a date more than one year prior thereto is not.

In view of the finding of the jury under the instructions of the court, the date in the transcript may be a clerical error. For this reason we will not discharge the defendant, but simply reverse the judgment and remand the cause.

It is so ordered. All the judges concur.