THE STATE OF MARYLAND *vs.* JAMES NORRIS and others.

*Appeal as upon Writ of Error—Assignment of Errors— Rule 1 (Code of 1888, Art. 5, sec. 4.)—Constitutional Legislation—Acts of Assembly—Sufficiency of Title—Art. 3, sec. 29, of the Constitution.*

A general demurrer to an indictment was sustained by the Court, and the defendants were discharged. Upon a writ of error the State assigned no other error than simply that the demurrer to the indictment was sustained. On motion to dismiss the assignment of error, it was HELD :

That there was no such assignment of error as was prescribed by rule 1, (Code of 1888, Art. 5, sec. 4,) regulating the manner of bringing cases as upon writs of error, into the Court of Appeals, and which rule requires the plaintiff in error to "plainly designate the points or questions of law by the decision of which he feels aggrieved," and forbids the Court to decide any other question or questions than those designated in the assignment of error.

The Act of 1888, ch. 362, entitled "an Act to add a new section to Article 30, of the Code of Public General Laws, Title 'Crimes and Punishments,' sub-title 'Rivers,' having for its subject the prevention of dredging, taking, and carrying away of sand and gravel from the bed of the Potomac River, and the punishment therefor, is within the constitutional requirement" (Article 3, section 29,) "that every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

State *vs.* Norris, *et al.*

APPEAL as upon Writ of Error from the Circuit Court for Charles County.

The case is stated in the opinion of the Court. On a general demurrer to the indictment the Court below " ordered judgment on demurrer for the defendants, and that the defendants be discharged from the custody of the sheriff." The error assigned by the State was that, " the traverser having demurred to the indictment in said case, the said Circuit Court for Charles County passed an order sustaining said demurrer and thereby decided that the indictment filed in said case was insufficient in law."

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, and MCSHERRY, J.

*Wm. Pinkney Whyte, Attorney-General;* for the appellant.

In cases of judgment on demurrer to an indictment, as in this case, the petition sufficiently complies with rule one. There was but a single count in the indictment framed in the words of the law.

The Act of 1888, ch. 362, is entitled " An Act to add a new section to Article 30 of the Code of Public General Laws, Title 'Crimes and Punishments,' sub-title 'Rivers,' to come in after section one hundred and seventy-one." This title is precisely similar to the title of ch. 355 of the Act of 1874, relating to the pollution of the water of the Potomac River, near the mouth of Wills Creek. It is also similar to the title of ch. 58, of the Acts of 1872, also relating to the pollution of the water of other rivers of the State.

The law complies with the terms of the Constitution, Art. 3, sec. 29.

It is not necessary to give in detail in the title of the Act the various modes of committing the crime

denounced and to be punished, nor is it necessary to describe to which of the rivers of the State such an Act may be applicable.

Section 29 of Article 3 of the Constitution, provides that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." This Act adds a new section to Article 30 of the Code of Public Laws, Title "Crimes and Punishments," sub-title "Rivers," and is to follow section one hundred and seventy-one. The subject of the law is the punishment of crime for which no penalty had been previously provided, and that crime had relation to the "Rivers" of the State, and this subject was sufficiently described in the title to the Act.

In view of the recent decisions of the Court of Appeals, as to the scope and meaning of section 29 of Article 3 of the Constitution, it is difficult to see how the Act can be pronounced unconstitutional because of infirmity in its title. "The provision found in the Act of 1888, ch. 362, might, most naturally, be expected from the title given the Act." *County Commissioners of Dorchester County vs. Meekins,* 50 *Md.,* 28; *County Commissioners of Prince George's County vs. Commissioners of Laurel,* 51 *Md.,* 460; *Mayor, &c. of Baltimore vs. Stoll,* 52 *Md.,* 435; *Slymer vs. State,* 62 *Md.,* 243.

*Daniel R. Magruder,* for the appellees.

Merely alleging error in sustaining demurrer, does not sufficiently designate the points or questions decided. *Rule 1, as to Appeal and Error,* (29 *Md.,* 1;) *State vs. Scarborough,* 55 *Md.,* 348.

The Act of 1888, ch. 362, under which the defendants, were indicted, is entitled, "An Act to add a new section to Article thirty of the Code of Public General Laws, Title 'Crimes and Punishments,' sub-title

'Rivers,' to come in after section one hundred and seventy-one." This title is not in accordance with the provision of the Constitution, which requires that every law "shall embrace but one subject, and that shall be described in the title." *Art.* 3, *sec.* 29, *of the Constitution.*

The subject of the law is not described at all. There is nothing to indicate that the Potomac River is referred to at all, or that it is intended to create and punish the offence of taking sand, &c., therefrom. This particularity all of the adjudged cases seem clearly to require as necessary to the validity of a law. *Davis vs. State,* 7 *Md.,* 151; *Keller vs. State,* 11 *Md.,* 525; *Parkinson vs. State,* 14 *Md.,* 184; *Mayor, &c. of Annapolis vs. State,* 30 *Md.,* 112; *County Comm'rs of Washington Co. vs. Franklin R. R. Co.,* 34 *Md.,* 159; *County Comm'rs of Dorchester County vs. Meekins,* 50 *Md.,* 28; *Sedgwick on Constitutional and Statutory Limitations,* 521, *note.*

ALVEY, C. J., delivered the opinion of the Court.

It appears from the record in this case that the defendants in error were indicted in the Circuit Court for Charles County, at the May term thereof, 1888, for the violation of the provisions of the Act of 1888, ch. 362, entitled "An Act to add a new section to Article 30 of the Code of Public General Laws, title ' Crimes and Punishments,' sub-title ' Rivers,' to come in after section one hundred and seventy-one." The defendants demurred to the indictment, and the demurrer was sustained by the Court, and the defendants were discharged. The State has brought the case here as upon writ of error, but has assigned no other or more specific cause of error than simply that the demurrer was sustained to the indictment. Upon what ground, or in what respect the indictment was adjudged to be

insufficient, the record wholly fails to disclose. And because of this defect in the assignment of error, and the total non-observance of Rule 1, (Code of 1888, Art. 5, sec. 4,) prescribed for the regulation of the manner of bringing into this Court cases as upon writ of error, the defendants have moved to dismiss the assignment of error, as being wholly insufficient to entitle this Court to review the judgment of the Court below. But notwithstanding the supposed defect in the record, and the motion to dismiss founded thereon, the Attorney-General and the counsel for the defendants have joined in a request to this Court to express its opinion as to the real question designed to be raised by the demurrer. And they inform us that the ground of the demurrer and of the judgment of the Court below was the supposed unconstitutionality of the Act of Assembly, for the violation of which the indictment was found, because of the insufficient description of the subject-matter of the Act, in the title thereof, under that provision of the Constitution of the State, sec. 29 of Article 3, which provides that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." The subject of the Act is the prevention of dredging, taking and carrying away, of sand and gravel from the bed of the Potomac River, and prescribing the punishment for the violation of the provisions of the Act. What the title of the Act is we have already recited. And it certainly requires a very liberal construction of the constitutional provision to maintain the sufficiency of this title. The objects designed to be attained by the constitutional provision are twofold: The first is to prevent the combination in one Act of several distinct and incongruous subjects; and the second is, that the Legislature and the people of the State may be fairly advised of the real nature of

pending legislation. All titles of Acts therefore should be so framed as to accomplish these objects. But we regret to say, that, in practice, a strict observance of the terms of the Constitution has not always marked our legislation in this respect. Many Acts are passed, and often of great importance, the titles of which are exceedingly deficient in definite and clear description of the subject-matter of the Act. But this Court has ever been reluctant to defeat the will of the Legislature by declaring such legislation void, if by any construction it could possibly be maintained. The title of the Act in this case would not seem to be less clear and certain in the description of the subject of the Act than the titles to the Acts involved in the cases of the *Comrs. of Dorchester County vs. Meekins*, 50 *Md.*, 28, and *The Comrs. of Talbot County vs. The Comrs. of Queen Anne's County, id.*, 245. In those cases, the titles to the Acts were held, by a majority of the Court, to be sufficient to gratify the constitutional requirement; and, upon the same principle and reasoning, we think the title to the Act here involved must be held to be sufficient.

The defective assignment of errors, however, must be dismissed. There has not been in fact any such assignment of error as will justify this Court in reviewing and reversing the judgment of the Court below. By the Rule, before referred to, the party complaining of the errors in the judgment of the Court below, is required, in the assignment of errors, upon which the case is brought into this Court, to "plainly designate the points or questions of law by the decision of which he feels aggrieved;" and this Court is forbidden to decide any other question or questions than those thus plainly designated in the assignment of errors. The State having failed to make any such assignment of error, it cannot ask a reversal of the judgment.

*State vs. Scarborough*, 55 *Md.*, 348; *State vs. Fox*, 51 *Md.*, 412, 414.

*Assignment of error dismissed.*

