STATE OF MISSOURI, Respondent, v. NEP. CHILTON, Appellant.

St. Louis Court of Appeals, January 21, 1890.

Criminal Law: VENUE. To warrant a conviction for the selling of liquor without a license, there must be evidence that the offense was committed in the county in which the indictment was found.

*Appeal from the Texas Circuit Court.* — HON. C. C. BLAND, Judge.

REVERSED (*and defendant discharged*).

*Orchard & Seay*, for the appellant.

It devolves on the state to prove the venue which, in this case, it fails to do. *State v. Miller*, 71 Mo. 89; *State v. Hughes*, 71 Mo. 633; *State v. McGinnis*, 74 Mo. 245; *State v. Babb*, 79 Mo. 366; *State v. Hughes*, 82 Mo. 86; *State v. Quaite*, 20 Mo. App. 405; *State v. McKay*, 20 Mo. App. 149.

*V. M. Hines*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant was indicted, tried and convicted, for selling liquor without a license, and appeals. He complains of the insufficiency of the indictment, and of the rendition of the judgment against him upon insufficient proof. It is needless to discuss the first point made, because we are clear that the second is well taken and necessarily results in a reversal of the judgment.

Upon the trial of the cause, the state gave no evidence whatever showing, or tending to show, in what

county the alleged offense was committed. This omission, under the uniform ruling in this state, is fatal to the verdict. *State v. Miller*, 71 Mo. 90; *State v. Hughes*, 82 Mo. 86; *State v. McKay*, 20 Mo. App. 149, and cases cited.

The judgment is reversed and the defendant discharged. All the judges concur.