THE STATE OF MISSOURI, Appellant, v. JOHN KARNES, Respondent.

Kansas City Court of Appeals, November 14, 1892.

1. **Information**: SUFFICIENT FOR DISTURBING WORSHIP. An information for disturbing a religious assembly, which charged that it was unlawfully and wilfully done, is sufficient without alleging it was maliciously and contemptuously done.

2. ——: ——: PLACE OF WORSHIP. An information for disturbing a religious assembly sufficiently charges that the disturbance was done at the place of worship, by saying "within the place of meeting," to-wit: At the Methodist Episcopal church, etc., by assaulting one S., a person then and there being, etc.

3. ——: ——: M. E. CHURCH. Whether the church charged is the Methodist Episcopal church or the Methodist Episcopal church, South, is a question arising on the evidence, and not on a demurrer to the information.

4. ——: ——. The information in this case clearly charges at least two acts, either of which constitutes a misdemeanor under the statute.

5. ——: ——: ASSAULT. If the information is insufficient under the statute for disturbing religious assemblies, it sufficiently charges an assault at common law and under the statute.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*J. de W. Robinson*, for appellant.

*John Karnes, pro se.*

Smith, P. J.—The information charges that the defendant "did unlawfully and wilfully disquiet and disturb a congregation of persons met for religious worship within the place of meeting, to-wit, at the Methodist Episcopal church, in the town of Centralia, in Boone county, Missouri, by then and there wilfully menacing, threatening, assaulting one Henry W. Sageser, a person then and there being," etc. The circuit court sustained a motion to quash the information upon these grounds: *First*, that the information did not charge the offense to have been done maliciously or contemptuously; *second*, that it did not charge that the disturbance was done at a place set apart for religious worship; *third*, that it was so vague and indefinite that it did not inform defendant with certainty when the offense was committed, nor could it be pleaded in bar of another prosecution; and, *fourth*, that it failed to disclose the manner of the disturbance. The appeal is prosecuted here by the state.

The statute upon which the information is based provides that "Every person who shall wilfully, maliciously or contemptuously disquiet or disturb any camp meeting, congregation or other assembly met for religious worship, or when meeting at the place of worship or dispersing therefrom, making a noise or by rude or indecent behavior or profane discourse within the place of assembly, or so near the same as to interrupt or disturb the order or solemnity thereof, or who shall wilfully menace or assault any person then and there being, shall be deemed guilty of a misdemeanor." Revised Statutes, sec. 3785.

In respect to the defendant's criticism upon the language of the information descriptive of the offense, it may be said that provisions in the alternative are common in legislation. A statute may make it punishable to do a particular thing specified, "or" another thing, "or" another. One commits the offense who does any one of the things, or any two, or more, or all of them; and the indictment or information may charge a party with any one, or with any larger number, at the election of the pleader, employing, if the allegation is of more than one, the conjunction "and" where "or" occurs in the statute, or he may frame a separate count for each separate offense under the statute. Bishop on Statutory Crimes, sec. 244; *Angel v. Commonwealth*, 2 Va. Cases, 231; *McElhany v. State*, 26 Ala. 71; *State v. Hun*, 21 Me. 84. So that an indictment or information will be sufficient which charges that a party did *wilfully* disquiet or disturb any camp meeting, congregation or other assembly met for religious worship, or when meeting at the place of worship or dispersing therefrom, in the manner set forth in section 3785, or that the act was done *maliciously* or *contemptuously*. The statute uses the terms, "wilfully, maliciously or contemptuously," in the disjunctive, and if the defendant is guilty of either the offense is made out. *Carico v. State*, 11 Mo. 579; *State v. Hopper*, 27 Mo. 599; *McElhany v. State*, *supra*. And if all three of the offenses were charged in the same count the state would be entitled to convict on proof of either. *Mooney v. State*, 8 Ala. 328. Again the information charges that the defendant wilfully menaced, threatened and assaulted Henry W. Sageser, "there being," that is, where the congregation or other assembly met for religious worship within the place of meeting, or when meeting at the place of worship or dispersing therefrom. If the defendant

wilfully menaced said Sageser "there being," or wilfully threatened or assaulted him "there being," the offense was complete; or in other words to wilfully menace a person or to wilfully threaten him or to wilfully assault him, under such circumstances as the statute mentions, is a misdemeanor. The defendant's second point of objection cannot be sustained. The information charges that the congregation met for religious worship at the Methodist Episcopal church in the town of Centralia, in the county of Boone, etc. This allegation sufficiently shows that the congregation met in a place of worship. There is nothing in *State v. Schieneman*, 64 Mo. 386, or *State v. Kindrick*, 21 Mo. App. 510, which lends the slightest support to the defendant's contention.

As to the defendant's third objection, it is sufficient to say that whether the act charged was committed at the "Methodist Episcopal church" or the "Methodist Episcopal church, South" is a question of fact that does not arise in determining the question of the sufficiency of the information. And, as to the defendant's fourth and last objection, nothing more need be said than that the information very clearly charges at least two acts, either of which constitutes a misdemeanor under the terms of the statute. *State v. Daniel*, 40 Mo. App. 356.

But, even if the information were defective in the particulars claimed by defendant, still it set forth a complete description of such facts and circumstances as constituted an assault, both at common law and under the statute. Revised Statutes, sec. 3492. And, if it be conceded that the indictment is bad in charging a crime under the statute, it was sufficient for an assault at common law, or under the statute, upon the subject of the breach of the peace. *State v. Phipps*, 34 Mo.

App. 400; *Johnson v. State,* 26 Tex. 117; *State v. Carpenter,* 54 Vt. 551.

In the view which we have taken it must follow that the circuit court erred in quashing the information, and that the judgment must be reversed and the cause remanded.   All concur.