(Decided Feb. 27th, 1895.)

---

## E. J. WHITMAN vs. THE STATE OF MARYLAND.

*Judicial Notice of an Election—Constitutional Law—Title of Statute.*

The Court cannot take judicial notice of the result of a local option election directed to be held by an Act of Assembly, and upon the result of which the efficacy of the Act is made to depend.

Where the title of an Act states that its object is to regulate the liquor traffic in a certain town, and the Act itself provides for the total abolition of the liquor traffic within a larger territory, including the town, upon a certain contingency, such Act is in violation of the Constitution, Art. 3, sec. 29, which provides that the subject of every law shall be described in its title.

The title of the Act of 1894, ch. 484, is "An Act to provide for an election to be held in the town of Cambridge, Dorchester County, to regulate the liquor traffic therein; and repealing sections 207 to 213, inclusive, of Article 10 of the Code of Public Local Laws, ' Dorchester County,' sub-title, 'Liquors and Intoxicating Drinks,' so far as the same may relate to or affect said town of Cambridge; and repealing and re-enacting, with amendments, section 218 of said Article." Under the existing law the sale of liquor within certain districts of the county was prohibited, except by druggists upon *bona fide* written prescriptions. The Act of 1894 provided for holding an election on a designated day in the town of Cambridge, and if the majority of votes were for the sale, then it was made lawful for all persons to sell liquor in that town, and the former law was repealed *pro tanto;* but if a majority should be against the sale, then the sale of liquor in said town, and in Election District No. 7, including said town, was prohibited even by druggists. There was nothing in the record to show what the result of the election was, but the defendant, a druggist, was indicted for selling liquor in said town. *Held*, that assuming that the result of the election was a majority against the sale, then that part of the Act of 1894, prohibiting the sale of liquor by druggists upon *bona fide* prescriptions, was invalid,

because in violation of Art. 3, sec. 29 of the Constitution, since the title of the Act relates to the regulation of the liquor traffic in the town of Cambridge, and does not disclose a purpose totally to abolish the same within a larger territory, including the said town.

Appeal from the Circuit Court for Dorchester County. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., MC-SHERRY, FOWLER, BRISCOE and ROBERTS, JJ.

*Alonzo L, Miles* for the appellant.

To prohibit the sale of liquor is to prohibit the liquor traffic, and an Act, the title of which is to regulate the liquor traffic, cannot prohibit it. On the contrary, to be regulated, the trade must subsist. *Cooley's Constitutional Limitations*, p. 179, note, and p. 247, note ; *City of Emporia* v. *Volmer*, 12 Kansas, 630 ; *Miller* v. *Jones*, 80 Ala. 89 ; *Town of Cantril* v. *Sainer*, 59 Iowa, 26 ; *In re. Hanck*, 38 N. W. Rep. (Mich.) 269, 274, 275 ; *People* v. *Gadway*, 61 Mich. 285 ; 6 *Richardson's Reports (South Carolina)*, *Heise* v. *Council ; Brownson* v. *Oberlin*, 41 Ohio State Rep. 478 ; *Sweet* v. *Wabash*, 41 Ind. 7 ; 13 Oregon, 17 ; *State* v. *Mott*, 61 Md. 297.

Nor is the difficulty obviated by the mere mention of the words, liquor and intoxicating drinks, in that part of the title which is to *repeal* sections 207 to 213, inclusive, of Article 10 of the Code of Public Local Laws of Dorchester County, sub-title, " Liquors and Intoxicating Drinks," it having been expressly decided in· this State that affirmative legislation cannot be enacted under a title to repeal a former statute. *Steifel* v. *The Maryland Institution for the Instruction of the Blind*, 61 Md. 144 ; *People* v. *Mellen*, 32 Ill. 181.

Again, said Act of 1894, ch. 484, is repugnant to the constitutional maxim which forbids the delegation of legislative power. Instead of passing a law, perfect and ·complete in itself, to take effect upon the contingency of the popular vote of the locality to be affected thereby, the Gen-

eral Assembly embodied in one Act two laws, one *regulating* the sale of intoxicating liquor in the town of Cambridge, the other *prohibiting* the sale of liquor in said town and in *District No. 7*, of Dorchester County, only one of which is described in the title, and made their operation depend upon the vote of persons residing within the corporate limits of the town of Cambridge, which only comprise a portion of the territory and inhabitants of *District No. 7*. *Bradshaw* v. *Lankford*, 73 Md. 428 ; *Fell* v. *State*, 43 Md. 71 ; *Hammond* v. *Haines*, 25 Md. 562.

*John Prentiss Poe, Attorney-General*, and *P. L. Goldsborough, State's Attorney of Dorchester County*, for the appellee.

McSherry, J., delivered the opinion of the Court.

The appellant was indicted by the grand jury of Dorchester County for unlawfully selling intoxicating liquor to one Stack. The traverser demurred to the indictment, but the demurrer was overruled, and he then pleaded, first, that he did sell the liquor as charged, but that at the time of so doing he was a regular pharmacist or druggist, having a license to carry on the business of pharmacist or druggist ; that the sale referred to in the indictment was made upon the written *bona fide* prescription of a regular practising physician, and that he did not sell but once upon the same prescription. He also pleaded not guilty. To the first plea the State, by its attorney, demurred, and the Conrt sustained the demurrer. . The trial then proceeded upon the issue joined on the second plea, and the traverser, having been convicted, was sentenced to pay a fine and to be imprisoned in the House of Correction. A petition was then filed asking that the record be transmitted to this Court as upon writ of error, for a review of the several errors assigned in the petition.

We need not pause to discuss the demurrer to the indictment, because the chief question involved arises on the

State's demurrer to the first plea of the traverser.   To
understand that question, a brief reference must be made
to some of the local legislation relating to liquors and in-
toxicating drinks in Dorchester County.

By the Local Code, Art. 10, sec. 207, to and including
sec. 219, the subject of liquors and intoxicating drinks is
dealt with.   The sale of spirituous, fermented or other in-
toxicating liquors was prohibited in twelve of the fourteen
election districts of the county, but a proviso excepted
from this prohibition regular pharmacists or druggists, who
were expressly permitted, upon the written *bona fide* pre-
scription of a practising physician, to compound and sell
such liquors.   These twelve districts included district num-
ber seven, which embraced within its limits the town of
Cambridge.   Sec. 217 contains provisions for submitting to
the voters of any election district of the county the ques-
tion as to whether liquor shall be sold in that district ; but
no such question can be voted on until a petition has been
presented to one of the Judges of the Circuit Court and an
order has been passed by him directing the election to be
held.   Sec. 218 prescribes how an election so ordered
shall be conducted, and declares that if a majority of the
votes are cast " for license," the provisions of sec. 213 shall
apply, and that section fixes a penalty for the sale of liquor
by any one ; whereas, if a majority of the votes cast are
" against license," the provisions of secs. 207 to 215, in-
clusive, shall apply, and these sections, as already stated,
prohibit the sale of liquor except by druggists upon the
prescription of a physician.

The local legislation standing thus, the General Assembly
passed an Act, being chapter 484 of the Acts of 1894,
whose title will be considered later on.   It was the obvious
design and purpose of this Act to re-submit to the people
of Cambridge the question as to whether liquor should be
sold in that town.   Accordingly minute and appropriate
provisions were inserted in the Act for the holding of an
election on a designated day in the month of May, 1894,

for ascertaining the sense of the voters of the town with
reference to the granting of licenses for the sale of liquor
in Cambridge. It was declared by the third section of this
Act, that if a majority of the ballots cast should have printed
or written on them the words "for the sale of spirituous or
fermented liquors," the commissioners of the town should
make proclamation of the result, and that on and after the
second day of July following it should be lawful for all per-
sons to sell liquor within the limits of the town upon procur-
ing the licenses and complying with the other requirements
set forth in subsequent sections of the Statute; and that
thereupon secs. 207 to 213 inclusive of the Local Code
prohibiting the sale of liquor should be repealed so far forth
as the town of Cambridge was affected thereby. By the
10th sec. of the Act of 1894, it was provided that if the
election should result *against* the sale of spirituous or fer-
mented liquors, proclamation should be made, and thereupon
the town of Cambridge should remain under the provisions
of the then existing liquor laws, *except* that it should thence-
forth be unlawful for a pharmacist or druggist to sell in said
town or in district number seven of the county any intoxi-
cating liquors or medicated bitters producing intoxication,
or any compound of which alcohol forms the chief or princi-
pal ingredient; and it further provided, that "all laws incon-
sistent with this provision are hereby repealed, and any
pharmacist or druggist violating this provision shall be
liable, upon prosecution and conviction, to the penalties
provided in section seven of this Act."

There is nothing in the record to indicate that this Act
of 1894 was either voted on by the people of Cambridge,
or whether the majority of the votes cast were for or against
the sale of liquor. The Act, by its explicit terms, was only
to become operative if the majority of the votes cast at the
election directed to be held in May, 1894, were found to be
in favor of the granting of liquor licenses. If that condi-
tion precedent did not occur, the Act has no vitality. The
repeal of the antecedent local option legislation, as embodied

in secs. 207 to 213 of the Local Code, was dependent on the Act of 1894 becoming effective, and the latter could only become effective if a majority of the votes cast at the election in May were in favor of license. As the record does not inform us what was the result of the election, if one was ever held, we cannot determine whether the Act of 1894 became operative or not. There are many things of which Courts will take judicial notice. 1 *Green Ev.* secs. 5, 6, 7. Ordinarily, whilst they will take such notice of the geographical divisions of the State, and of the location of the cities and towns thereof, they will not, in a criminal prosecution, supply by that means an omission to prove the venue. *State* v. *Hartwell*, 75 Mo. 251 ; *State* v. *Burgess*, 75 Mo. 541. And whilst, too, Courts will take judicial notice of general elections, and of the offices to be filled, they will not take judicial notice of the result of a local option election, *Geider* v. *Tally*, 77 Ala. 422, nor of the votes of municipal corporations. 1 *Dillon Mun. Corp.* sec. 50. Whilst we are bound to take notice of the provisions of the Act of 1894, because it is a public law, *Higgins* v. *The State*, 64 Md. 421, still, we cannot take judicial notice of the result of the election directed to be held, and upon the result of which the efficacy of the Act was made to depend.

If, however, it be assumed, in the absence of anything to show the contrary, that the Act of 1894 failed to become operative, so as to authorize the granting of licenses, then it follows, first, that the conditional repeal of the antecedent local option law, as embodied in secs. 207 to 213 of the Local Code, never developed into an actual repeal, and that the old law still remains in force precisely as it stood prior to the passage of the Act of 1894, unless the provision we have cited from the 10th sec. of the latter Act has enlarged and extended the prohibitory features of the Local Code by excluding and abolishing the right which druggists possessed thereunder to sell liquor upon the prescription of a practising physician. That the tenth section attempts to do

this, is obvious, but whether it has validly done so is the question which the traverser's first plea distinctly presents, because that plea relies upon the *proviso* in sec. 207, expressly exempting druggists from the prohibitory terms of the same section.    This brings us to the inquiry whether the title of the Act of 1894 is sufficiently descriptive of the subject of section ten to gratify the requirements of sec. 29 of Art. 3 of the State Constitution.    The title is in these words : "An Act to provide for an election to be held in the town of Cambridge, Dorchester County, to regulate the liquor traffic therein, and repealing sections 207 to 213, inclusive, of Article 10 of the Code of Public Local Laws, title, ' Dorchester County,' sub-title, 'Liquors and Intoxicating Drinks,' so far as the same may relate to or affect said town of Cambridge, and repealing and re-enacting, with amendments, section 218 of said Article."

The election which this Act made provision for was distinctly stated in the title to be one to *regulate*, and not one to *abolish* the liquor traffic in the *town* of Cambridge, and, so far as the title disclosed, was to have no relation to election district number seven, of which Cambridge forms but a part.    Any provision which was necessary or appropriate to carry into effective operation a scheme embodied in an Act whose title declared that it was an Act to *regulate* the liquor traffic in that town could have been constitutionally included under that title.    But the total *abolition* of the liquor traffic is in no sense a regulation of it.    The repeal of secs. 207 to 213 was declared by the title to be a repeal only in so far as those sections related to or affected the *town* ; and the single intimation of an intention to re-enact anything, had reference exclusively to sec. 218.    Now, it will be observed, that *sec. 10 of the Act of 1894* does not stop with a declaration, which would have been unobjectionable, that if the majority of the votes cast are against the sale of liquors, then the town of Cambridge should remain subject to the local option law as it stood at that time ; but it proceeds with broader, affirmative legislation, not even hinted at,

much less described, in the title, and prohibits, in the most unqualified terms, the sale of liquors by druggists, *not only in the town of Cambridge*, but also in the *entire seventh election district*, a very much larger territory than the town. Besides this, it repeals absolutely, by a general sweep, not alluded to at all in the title, all laws authorizing such sales by druggists in that whole election district. A power to *regulate* is not a power to *abolish* or *destroy* a trade. *State* v. *Mott*, 61 Md. 308; 1 *Dillon Mun. Corp.*, sec. 325; *Radecke's case*, 49 Md. 217. A power to regulate the liquor traffic in a town is not a power to abolish that traffic in a much larger territory which happens to embrace that town within its limits; and a repeal of designated sections of a law, only in so far as they relate to a town, is widely different from their repeal in so far as they affect a larger and another locality.

It is clear, then, we think, that not only does this tenth section of the Act of 1894 contain legislation which is not described in the title of the Act, but beyond that it enacts provisions which are foreign and palpably repugnant to the subject which the title discloses. There is not the faintest suggestion in the title to indicate that the body of the Act contained, under any contingency, a single provision prohibiting, in the town of Cambridge, the sale of liquor by druggists or the compounding by them of prescriptions whose chief ingredient is alcohol; and much less is there the most remote intimation in the title that such a prohibitory clause, applying to a whole election district beyond the limits of the town, was contained in the body of an Act whose title professed that the Act was one to *regulate* the sale of liquor merely *within* the town. This tenth section is, therefore, not germane to the subject described in that part of the title which we have been considering; but, on the contrary, it is distinctly foreign to that subject, and must fall unless rescued by the last clause of the title. But this last clause, viz., "and repealing and re-enacting with amendments section 218 of said article," does not remedy the

defect. As we have previously stated, sec. 218 contained provisions prescribing the mode for holding elections, upon the petition of a certain number of citizens and by an order of a Judge of the Circuit Court, to determine whether local option shall prevail; and the amended section, 218, provides the mode for holding, under the same conditions, other elections in districts other than the town of Cambridge for the purpose of determining by a vote of the people whether licenses should be issued in such districts, and contains no word or phrase referring to sec. 10 of the Act of 1894, or to any of its provisions as amendatory of sec. 218. In fact, this amended sec. 218 has relation exclusively to the results of elections to be held under the authority of sec. 217, and not to the result of the election to be held under the Act of 1894 in the town of Cambridge.

As a consequence of these views, we hold that sec. 10 of the Act of 1894, whatever may have been the result of the election held under the Act, is invalid, because repugnant to sec. 29 of Art. 3 of the Constitution.

But there is another aspect of this case, which requires a reversal of the judgment entered by the Court below. It will be observed that sec. 10 of the Act of 1894 was only to become effective in the event that a majority of the votes cast at the election, provided to be held in May, 1894, should be *against* the sale of liquor. Consequently, even if it could be assumed that the section is free from constitutional objections, it, by its express terms, only became operative if a majority of the votes cast were against the sale of liquor. As we have said, there is no evidence and no averment in the record to show either that the election was held, or what its result was, if held. We have stated that we could not take judicial notice of the result of that election, and as there is nothing before us to show affirmatively that sec. 10 ever became operative by reason of a majority of the votes cast being *against* the sale of liquor, the provisions of sec. 207 of the Local Code expressly allowing druggists to sell liquor, must be treated as still in

force.   The State's demurrer to the traverser's first plea admitted the facts which brought the appellant within the scope of sec. 207, and the judgment of the Court below sustaining the demurrer was, therefore, erroneous.

For the error we have indicated the judgment must be reversed.

*Judgment reversed with costs.*

(Decided February 27th, 1895.)