MARTIN M. SMITH AND GRAFTON D. RIDOUT *vs.* THE MAYOR, COUNSELLOR AND ALDERMEN OF THE CITY OF ANNAPOLIS ET AL.

*Act of Assembly Relating to Elections in the City of Annapolis Invalid Because Subject Matter not Described in the Title.*

Appeal from the Circuit Court for Anne Arundel County (JONES, C. J., REVELL and THOMAS, JJ.) *Affirmed.*

The appeal in this case was taken under sec. 29, Art. 5 of the Code, and is from an order of the Circuit Court for Anne Arundel County refusing to grant an injunction to restrain the municipality of Annapolis from holding an election on the second Monday of July for the choice of a Mayor and other city officers. The ground upon which the injunction is asked is this, that the section of the charter which provided for the holding of municipal elections has been repealed and consequently that there is no law, general or local, permitting such an election to be held.

Under the local Code, Art. 2, sec. 28, the boundaries of the city were defined and it was declared that elections for mayor and other city officers should be held every second year on the second Monday of July. In 1898 the Legislature undertook to amend that section. By chapter 370 of the Acts of that session it was enacted that the municipality should have authority to issue bonds for certain specified purposes and that sec. 28 of Art. 2 of the Local Code should be repealed and re-enacted with amendments. The title of the Act reads as follows : An Act to authorize and direct the Mayor, Counsellor and Aldermen of the city of Annapolis to issue bonds to an amount not exceeding thirty thousand dollars, to pay the present floating indebtedness of the city, and certain anticipated indebtedness connected with the building and furnishing of the public school buildings in said city, without submitting the question of the issuance of said bonds to a vote of the legal voters of said city, and to repeal and re-enact sec. 28 of Art. 2 of the Code of Public Local Laws, title "Anne Arundel County," sub-title "City of Annapolis," and relating to the boundaries of said city of Annapolis.

The body of the Act is distinctly divided into two separate subjects. The one relating to the bonds, the other to sec. 28. The *title* clearly indicates that the amendment contemplated as to sec 28 had relation solely to the boundaries of the city, whereas the *body* of the re-enacted sec. 28 wholly omits all reference to the subject of elections. No one reading the title would ever suppose that the body of the Act took 'away from the citizens of the muuicipality all power to elect the mayor and other officials. The title is restricted, the body of the Act is vastly broader. Had the title merely stated that in addition to providing for the issue of bonds, sec. 28 was to be repealed and re-enacted with amendments, there would have been no difficulty, because the title would have been comprehensive enough to include all that the enacting clauses contain. *State* v. *Norris*, 70 Md. 91. But no one reading the title which clearly implies that the amendment has relation of the limits of the city would ever imagine that not only were the limits changed but that in addition a radical

change in other portions of the section was involved whereby no future elections could be held without further legislation. The whole-subject matter of the enactment was obviously not included in the title. The title was, therefore, misleading. *Whitman* v. *State,* 80 Md. 410. The mischief which sec. 29 of Art. 3, of the Constitution intended to avoid would be encouraged if the title to the Act of 1898 were held to include a total repeal of sec. 28, so as to prevent the voters of Annapolis from electing a mayor and other city officials, when the title only purported to concern the limits of the municipality.

We hold the Act of 1898 invalid, in so far as it relates to sec. 28 of Art. 2 of the local code, though it is perfectly valid and binding as to the provisions respecting the bonds which its other sections permit to be issued.

Opinion *per curiam* filed July 2nd, 1903. Submitted on briefs by *Daniel R. Randall* and *Ridgely P. Melvin,* for the appellants and *Elihu S. Riley* and *W. Hallam Claude,* for the appellees.