## THE STATE v. GAMBLE, *Appellant.*

### DIVISION TWO.

1. **Criminal Practice :** SPECIAL JUDGE, QUALIFICATIONS OF. Under Revised Statutes, 1879, section 1107, regulating the election of special judges, the record of the circuit court over which a special judge presided need not contain the official oath of said judge or state that he had the qualifications of a circuit judge.

2. ————: EVIDENCE. A party complaining of the loss of evidence must show its materiality.

3. ————: CONTINUANCE: PRESUMPTION. Every presumption will be indulged in favor of the correctness of the action of the trial court in granting and refusing continuances.

4. ————: INDICTMENT, FAILURE TO READ: HARMLESS ERROR. The failure to read the indictment to a defendant in a criminal case will not constitute reversible error, it appearing that he was duly arraigned and pleaded not guilty.

*Appeal from Clay Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*Silver & Brown* for appellant.

(1) The court committed error in overruling defendant's motion to exclude the evidence and dismiss the cause, because the election of Special Judge HUGHES of the Platte circuit court for its August term (at which the indictment was found) was unauthorized; the

indictment was a nullity. *First.* Revised Statutes, 1879, section 1878, is the only provision authorizing a special judge in criminal matters, and Judge HUGHES according to the recital in the clerk's entry was elected under Revised Statutes, 1879, section 1107. By said section 1878 the judge orders the election. *Second.* The transcript recites that the "following proceedings," viz., election of special judge, etc., were had in open court, whereas Judge DUNN was sick and absent, and there could be no open court until a judge was elected. *Third.* Revised Statutes, 1879, section 1113, require that the fact that the requisite oath has been taken and filed shall be entered on the records. If nowhere appears that the oath was taken ; only recited that it was filed ; nor is the oath set forth in the record. *Fourth.* The clerk's entry fails to show that ROLAND HUGHES, Esq., possessed " the qualifications of a circuit judge," as required by Revised Statutes, 1879, section 1107. (2) Appellant's application for a continuance should have been sustained. *First.* It conforms in every essential particular to the requirements of the statute. R. S. 1889, sec. 4181. (3) The trial court committed error in failing to grant a new trial because the indictment was not read to the jury. How can a conviction be sustained when it is shown that the triers never heard the charge read, and, therefore, cannot know whether the allegations in it are true or false ?

*John M. Wood*, Attorney General, for the State.

(1) The court committed no error in overruling defendant's motion to exclude all evidence and dismiss the cause, on the ground that the transcript failed to show that the election and qualification of ROLAND HUGHES as special judge was not in all particulars regular. The record here shows that the election was properly held and for the cause authorized by the statutes, and that said Hughes was duly elected and qualified as such special judge, as required by the statute.

The same presumptions attach to the records of proceedings before a special judge as before a regular judge. *Green v. Walker*, 99 Mo. 68. There was no necessity to state more in the order for the election of a special judge than was stated in this case. *State v. Hosmer*, 85 Mo. 553. Besides, objections to the regularity of the election of such judge should have been made at the time. *State v. Dodson*, 72 Mo. 233. ( 2 ) The court did not err in overruling the application for continuance; " this court will not interfere with the discretion invested in the trial court in overruling applications for continuances, unless that discretion has been unsoundly or oppressively exercised." *State v. Carter*, 98 Mo. 176 ; *State v. Hollenscheit*, 61 Mo. 302; *State v. Lange*, 59 Mo. 413 ; *State v. Wilson*, 85 Mo. 134; *State v. Bryant*, 93 Mo. 273. ( 3 ) There can be no valid objection urged by defendant because the indictment was not read to the jury. The statutory order of trial does not require the indictment to be read. R. S., sec. 4208. The reading of the indictment to the jury by the state is only a privilege in stating the case, and not a matter of duty. *State v. Hart*, 66 Mo. 215.

GANTT, P. J.—The defendant was indicted at the August term, 1886, of the circuit court of Platte county, for murder in the first degree, for the killing of one Jeff. Cluck, in said county, on the sixth day of August, 1886. He was arraigned and pleaded not guilty. The cause was continued on defendant's application through several terms of court, and at his request a change of venue was granted to the circuit court of Clay county. The cause coming on for trial at the June term of said court, defendant made application for a continuance on the ground of the absence of material witnesses, which application was overruled by the court, and defendant was put upon his trial, which resulted in his conviction of manslaughter in the third degree, and his punishment being assessed at imprisonment in the penitentiary for

three years.   His motions for a new trial and in arrest being overruled, he prayed for, and was granted, an appeal to this court.   The bill of exceptions does not contain either the evidence or the instructions given on the trial.

The only three errors assigned are that the court overruled defendant's motion "to exclude all evidence and dismiss the cause, because the transcript failed to show the election and qualification of ROLAND HUGHES, Esq., as special judge of the Platte circuit court, and overruled an application for continuance and failure of the prosecuting attorney to read the indictment to the jury.

I.   The record shows that on the second Monday in August, 1886, the day designated by law for the convening of the circuit court of Platte county, for the regular August term of said court, Hon. GEORGE W. DUNN, judge of said court, was sick and not able to be present to preside over said court ; and, Judge DUNN not having requested any other judge to hold said court, the members of the bar, and the attorneys practicing in said court to the number of eleven, requested the circuit clerk to hold an election for a temporary special judge in accordance with the provisions of section 1107 of the Revised Statutes of Missouri, 1879.   It then further recites that said election was held, naming the attorneys who participated therein, and that at said election ROLAND HUGHES received ten votes and Hon. NORTON ANDERSON one vote, and Mr. HUGHES, having received the greater number of votes, was by said clerk declared elected and then proceeds:   "And now here on this ninth day of August, 1886, comes the said ROLAND HUGHES and files in the office of the clerk of our said court his affidavit and official oath as said temporary special judge, as required by section 1112 of the statutes. And now at this day comes the said ROLAND HUGHES, the temporary special judge of said court, and the following officers of said court, in open court, and enter

upon the discharge of their official duties, to-wit: William H. Roney, clerk; Richard W. Pack, sheriff; James W. Coburn, prosecuting attorney."

Eight different reasons were assigned why this order was insufficient, but the principal objections were that it did not contain the affidavit of Mr. HUGHES, and did not recite that he had the qualifications of a circuit judge. There is no force in any of the various technical objections to this record. This court held in *Green v. Walker*, 99 Mo. 68, that "the same presumptions of jurisdiction attach to the record of proceedings in circuit courts before special judges as before the regular judge."

Whoever saw a record of a circuit court, that recited that the regular judge had attained the age of thirty years; had been a citizen of the United States for five years; a qualified voter of this state for three years and a resident of his circuit? It is never done, and no more will we require the record to contain a personal history of a special judge. The presumption may well be indulged that the intelligent members of the bar will not elect any person who is disqualified to adjudicate their causes, and if there was the slightest reason why he should not act some one of the numerous counsel herein would have discovered it. *State v. Hosmer*, 85 Mo. 553; *State v. Dodson*, 72 Mo. 283; *State v. Knight*, 61 Mo. 373. The point is overruled.

II. Defendant complains that his application for a continuance was overruled. The record discloses that this defendant was indicted at the August term, 1886, in Platte county. He seems to have granted himself a continuance for two years, as the first appearance he makes before the court is at the August term, 1888. He obtained a continuance at that term. He again appeared at the November term, 1888, and, on his application, obtained a continuance. At the April term, 1889, the cause was tried, and resulted in a mistrial and a continuance to the August term. At the August term defendant secured another continuance. At the November term

defendant applied for a change of venue, and it was awarded to Clay county, and defendant and witnesses recognized to appear at February term, 1890, of Clay circuit court.

The cause was finally reached for trial at the June term, 1890, in Clay county, and defendant again filed a motion for a continuance on account of absent witnesses, some twenty-five in number. It appears the court offered him attachments for all of these witnesses, but he *declined* to take this writ, except for four, Chas. Winters, Henry Lane, B. Henderson and Wm. Donahue. The attachment accordingly went for these, and the cause was continued till July 7, to enable the sheriff to serve the same, and, on July 7, the court overruled the motion, and no further showing was made by defendant at that time.

Defendant has brought this record here. If his attachment was not served on the seventh of July, he should have made that writ and the return a part of this record. A party might well say he was not ready for trial when his witnesses are absent, but, when the court awards him compulsory process, and continues his case to a day certain, and on that day he proceeds to trial without further objection, it will be presumed he either obtained his witnesses or concluded to dispense with them.

Moreover, he only desired to prove by these witnesses that deceased made threats against his life. He has not favored us with the evidence taken on the trial, or the instructions or rulings of the court. For aught we can find in this record, those threats, if made and proven, might have been wholly incompetent under the facts shown to the trial court.

A party complaining of the loss of evidence is bound to show its materiality. Every presumption will be indulged in favor of the correctness of the action of the trial court, particularly in granting and refusing continuances. From this record it appears defendant had four years in which to prepare his case. He had

The State v. Gamble.

the privilege of taking depositions, a right not accorded the state. We see nothing to justify us in reversing the cause for the refusal to grant this continuance.

III. Defendant complains that the indictment was not read to the jury, and asks for a new trial on this account. Counsel asks, how can a conviction be sustained when it is shown the triers never heard the charge, and, therefore, cannot know whether the allegations in it are true or false? The learned counsel, however, cites us to no authority, either in the text-books or decisions of this or any other state, for the proposition that an indictment must be read to the jury.

In *State v. Hart*, 66 Mo. 215, Judge HENRY denominates it "a privilege accorded to the state," as a part of the statement of the prosecuting officer. Section 4208, Revised Statutes, 1889, provides "the prosecuting attorney must state the case and offer evidence in support of the prosecution." This answers counsel's query. The jury learn from this official statement of the prosecuting attorney what the charge is and the character of evidence he proposes to offer to sustain it.

The indictment is generally read to the jury in this state as a part of that statement, but it has never been held that the defendant suffered because the jury did not hear the formal charge read against him. The purpose of the indictment is to inform the defendant of the nature and cause of the accusation against him. The record shows he was duly arraigned, and answered he was not guilty. The one person, then, who had the constitutional right to know what the indictment contained had it read to him in open court. As to further information the jury heard the evidence, and, when the evidence was closed, "the court instructed the jury, in writing, upon all questions of law arising in the case which were necessary for their information in giving their verdict." Sec. 4208. At least we shall presume this was done, as no complaint is made that it was not. The judgment is affirmed. All concur.