Malcolm F. Powers *v.* State of Mississippi.

1. CRIMINAL LAW. *Indictment. Homicide. Acquittal of murder. Conviction of manslaughter. Reversal. Special plea.*
   A plea in abatement to an indictment for murder, setting up a former acquittal of murder but conviction of manslaughter thereunder and a reversal of the conviction by the supreme court, is not a bar to a second trial for manslaughter.

2. SAME. *Judgment. Entry nunc pro tunc.*
   If a plea in abatement be adjudged insufficient, and there be a failure to record the judgment on the minutes, the defendant's motion at a subsequent term of the court, made after he has pleaded not guilty, and the state's evidence has been intro-duced, to be discharged, because no disposition has been made of the special plea, is without merit, and the court may then have the judgment recorded, *nunc pro tunc* as of the preceeding term.

3. SAME. *Plea of not guilty. Waiver of special pleas.*
   Where a defendant pleads not guilty to an indictment, he waives any special plea he may have previously filed thereto.

4. SAME. *Improper argument. Objection. Exception. Code 1892, § 735.*
   Unless objection thereto be made on the trial and a special bill of exceptions be taken and signed during the term, as required by Code 1892, § 735, alleged improper argument in a criminal case by the prosecuting attorney will not be considered on appeal.

5. SAME.   *Disqualification of judge.   Special judge.   Agreement on.*
    *Code* 1892, § 920.

> Where in a criminal case, the regular judge being disqualified, the
> parties agreed, as authorized under Code 1892, § 920, upon a
> special judge to preside in the case, but before trial began the
> agreement was annulled, and the governor appointed a special
> judge for the trial of the cause, who presided therein, the ques-
> tion of the constitutionality of the code section, providing for
> agreements for a special judge, is not involved, although the
> special judge so appointed was the same person as the one
> previously agreed upon to preside.

6. SAME.   *Special judge.   Code* 1892, § 921.   *Oath of office.   De facto officer.*

> A special judge commissioned, under Code 1892, § 921, by the
> governor to preside on the trial of a criminal case, the regular
> judge being disqualified, who assumes the position and dis-
> charges the duties thereof, is a *de facto* officer, and his acts are
> valid, although he failed to take the required official oath (section
> 155, Constitution 1890) before assuming the duties of office.

FROM the circuit court of, first district, Panola county.

HON. L. F. RAINWATER, Special Judge.

Powers, appellant, was indicted and tried for the murder of
one Mills, convicted of manslaughter, and appealed to the su-
preme court, where the conviction was reversed and a new trial
awarded.   See *Powers* v. *State*, 74 Miss., 777.   Upon remand
of the case to the court below he was again tried for manslaugh-
ter and again convicted of said crime and appealed (a second
time) to the supreme court.   The facts on the second appeal on
which the decision is based are stated in the opinion of the
court.

*Leland L. Pearson,* for appellant.

The indictment here is a statutory indictment for murder.
The appellant at a former term was convicted of manslaughter.
This is an acquitttal of murder.   The conviction of manslaugh-
ter being reversed on a former appeal, of course there could be
no further trial for murder.   In order that the case might go to
a jury on a clearly defined issue, the appellant, defendant below,
prepared and filed at the March term, 1902, his special plea.

There is no record of any disposition of this plea until after the state had introduced all its evidence on the trial and from which this appeal is taken. After the state had introduced all its evidence the court permitted the state to file its demurrer to the special plea and then, without hearing any evidence, orders a judgment *nunc pro tunc,* and proceeded with the trial. Thus the defendant is put on trial before a jury for murder after he has been acquitted of murder; and so far as this record shows, the jury had no intimation that he was being tried for manslaughter only until all the evidence is heard, and the instructions of the court are given.

Even if the court's action in sustaining the demurrer to the special plea was correct, there is certainly no warrant for the entry of a judgment *nunc pro tunc.* If the state should have been permitted to "mend" its hold by filing its demurrer, it should have been required to withdraw the case from the jury and take a *venire de novo;* so that the defendant might have had the state's proof heard by a jury who knew for what he was being tried. But it is submitted to the court that it was error for the court to sustain the state's demurrer to defendant's special plea. He certainly could be tried only for manslaughter and he had the right to go to the jury with that issue clearly defined. It was not fair to him to go through the trial on an indictment for murder of which he had been acquitted, and then at the close of the trial have the jury instructed that he was on trial for manslaughter only and that they could not convict him of murder. Lax as may be our system of criminal pleadings, such injustice as this should not be permitted. The state should have been required to reply to the special plea so that the issue might have been made up. The special plea was not demurrable, it stated a good defense to the crime charged, and if the state desired to put the defendant on trial for a lesser offense, it ought to have been required to do so.

The court below erred in overruling defendant's motion to exclude the state's testimony, for the reason that if taken as true

the killing must necessarily have been murder or justifiable homicide under the facts disclosed.

Where a man has once been tried for murder under a state of facts which unquestionably discloses a case of murder or justifiable homicide, he ought not again be put upon his trial under the same indictment for murder; but if he can be again tried on the same indictment, and can only be convicted of man-. slaughter, will not the state's evidence, when all in, which shows a case of murder or justifiable homicide, be excluded upon the motion of defendant for the reason that the finding of a verdict of manslaughter would not only not be responsive to the proof but in fact and in law contrary to the evidence.

On the first trial the defendant was properly triable for murder and any constituent offense necessarily included in the indictment; while in the present case the defendant could not be convicted of murder, and should not be tried for murder, nor could this issue be presented to the jury. He had been acquitted of murder and could never again be tried or convicted of murder arising out of this killing. It therefore cannot be said in this trial, as in the first trial, that the jury would have been warranted in convicting him of murder under the proof, and that they being so warranted, did in fact only find a verdict of manslaughter is that of which the defendant could not complain.

The sole possible issue upon going to trial in this the second case is whether or not the defendant is guilty of manslaughter in the killing of Mills.

What sort of logic is it by which we may reason to such a result as this? The defendant cannot be found guilty of murder nor be tried for murder, nor is this issue to be either presented or submitted to the jury; and yet the jury, upon hearing the evidence, which established murder or nothing may in fact believe him guilty of murder under the evidence, and so believing convict him of manslaughter, contrary to all evidence.

The failure of the court to set aside the verdict because of improper argument of the prosecuting attorneys is fatal error.

The better rule is announced in *Marlin* v. *State,* 63 Miss., 505, where it is said it is the duty of the presiding judge to interfere of his own motion to prevent such a breach of privilege on the part of counsel, and if he fails to do so, and the abuse of privilege is of such character as to produce the conviction that injustice resulted therefrom, the duty of this court is to apply the corrective by awarding a new trial.

By reference to the record it will appear that the minutes of the trial court showed an "agreement between counsel in open court" as being the authority under which the special judge sat in this case. Does such agreement make of the attorney agreed upon a legally qualified special judge. We contend that it does not. The provision of sec. 165 of the constitution of 1890 extends to civil cases only, as will necessarily appear by reference to its verbage and grammatical construction. *Peter* v. *State,* 6 How. (Miss.), 326; *Butler* v. *State,* 57 Miss., 630; *Wright* v. *Boone,* 2 Greene, 485; *Smith* v. *Frisbie,* 7 Iowa, 486.

Our statute, Code 1892, § 920, does extend the provision to criminal cases, but for reasons stated in the above authority, and because sec. 165 of the constitution of 1890 is certainly by its terms applicable only to civil cases, this statute is unconstitutional and void so far as it seeks to embrace criminal prosecutions. It therefore follows that if the special judge sat by agreement of parties only the proceedings were a nullity. It equally follows that any, as well as all, acts done by him were void.

Again, the constitution, sec. 165, provides for the commissioning of a special judge for a term or in a case where the attorneys engaged therein do not agree upon a member of the bar to preside in his place. So, unless this was a case where the attorneys did not so agree, then the commission was improvidently and illegally issued, and not only does not constitute any color of right in the appointee to preside but all acts and proceedings thereunder are absolutely void. It therefore further follows

that outside the fact that it is true, generally speaking, that a special judge in a criminal case can never be considered a *de facto* officer, that in this case he could not become such for the further reason that he entered upon the discharge of his duties without any color of right. *Dabney* v. *Hudson,* 68 Miss., 292. But in either, whether sitting as special judge by agreement or by appointment, he did not at any time take the oath of office, as provided by sec. 155 of the constitution of 1890, which is at last the indispensible qualification that authorizes him to enter upon the duties of judge and without which the whole proceeding in the case before him must in law be held to be null and void. As to the necessity of taking the oath and the effect of not taking it see *Kennedy* v. *State,* 53 Ind., 542; *Herbster* v. *State,* 80 Ind., 484; *Rudd* v. *Woolfolk,* 4 Bush. (Ky.), 555; *Sloan* v. *Sloan,* 2 Metc. (Ky.), 339; *Grant* v. *Holmes,* 75 Mo., 109; *Bank* v. *Graham,* 147 Mo., 250; *State* v. *Bishop,* 22 Mo. App., 435; *State* v. *French,* 47 Mo. App., 474; *Thompson* v. *State,* 9 Tex. App., 649; *Smith* v. *State,* 24 Tex. App., 290.

*J. N. Flowers,* assistant attorney general, for appellee.

A plea in abatement had been filed to the indictment at a former term of the court and had been disposed of, but the minutes of the court did not show the disposition of it. After the testimony for the state was all in, the defendant moved to exclude the same because this special plea was still pending. The court heard the argument of counsel and declared that it had been disposed of at a former term, and directed the clerk to enter an order sustaining a demurrer to the plea *nunc pro tunc.* The facts upon which the court acted in ruling upon the motion to exclude do not appear in the record, and it will be presumed here that his action was right.

The special plea simply set up the fact that at a former term defendant had been convicted of manslaughter under the same indictment and that he could not therefore be tried again on this indictment.

By going to trial on the indictment the defendant waived his right to have a special plea heard. In *Dyer* v. *State*, 79 Tenn., 509, that court held that a plea in abatement was properly struck out on motion of the state's attorney after a plea of not guilty had been entered and the trial had proceeded. Besides, there was no merit in the plea and no harm could possibly have happened to the defendant by any failure to consider it.

Argued orally by *L. L. Pearson*, for appellant.

TRULY, J., delivered the opinion of the court.

Appellant was indicted for the murder of one Mills, was convicted of manslaughter, and appealed to this court, and the case was reversed and remanded for a new trial. See *Powers* v. *State*, 74 Miss., 777; s. c., 21 So. Rep., 657. On the second trial, upon the same indictment, he was again convicted of manslaughter and again appeals. While the assignment of error sets out many causes, five alone are urged in the brief for appellant. They are as follows: First. The action of the court in permitting an order overruling a special plea of appellant, filed and disposed of at a previous term of the court, to be entered upon the minutes *nunc pro tunc* during progress of the trial. Second. The placing of the appellant on trial for manslaughter on the indictment charging him with murder, and upon which he had previously been acquitted of murder. Third. Error in the instructions for the state. Fourth. The remarks of the district attorney and assistant prosecuting attorney during the argument of the case. Fifth. The power of the special judge, and his right to preside at the trial, is challenged.

As to the first assignment of error, the facts are that, after the case had been remanded by this court, appellant filed what is termed a "special plea," in which he set up the fact that he had been tried once upon the indictment presented against him, and which charged him with murder, and acquitted of the charge preferred by the indictment, and therefore could not again be placed on trial or required again to answer to the same indict-

ment. This special plea was by the judge overruled at the term at which it was presented, but, by oversight, no order was placed on the minutes of that term showing the disposition of the plea. At the succeeding term of the court, when this case came on for trial, the attention of the judge not having been called to this omission, the defendant pleaded not guilty to the indictment, and the case proceeded. At the conclusion of the introduction of the testimony for the state the defendant moved the court to dismiss the case and direct a verdict of not guilty, because the special plea was still undisposed of, whereupon the court, after advising itself in the premises, ordered that the disposition of the plea as made at the previous term should then be entered upon the minutes, which was accordingly done. We are unable to see upon what ground it can be reasonably contended that this action was error. The fact that, through some clerical omission, an order is not placed on the minutes of the proper term, is always subject to correction at any succeeding term. In addition to this, there is great force in the argument for the state, that where the attention of the court is not called to a special plea filed, but the defendant pleads in bar to the indictment, this operates as a withdrawal of the special plea, and he cannot afterwards be heard to complain. *Dyer* v. *State,* 11 Lea, 510. In the instant case, however, the appellant had the benefit of the decision of the court on his special plea, because, in fact, it had been considered and overruled, and, as we think, properly. Considered as a plea in abatement it is without merit and presented no legal ground for the abatement of the prosecution.

We are asked, by the second assignment of error, to vary the long and well-established rule of criminal procedure in this state, whereby one convicted of a constituent offense to the charge preferred by the indictment may, upon a second trial after the annulment of the first conviction, be again tried upon the same indictment for such lesser crime. In support of this assignment it is urged that it works a hardship upon the parties

accused of crime to be forced to stand trial on an indictment charging a crime graver than the one for which they can then rightfully be convicted.   We are unable to, see the force of the reasoning employed.   One indicted of murder and convicted of manslaughter cannot again afterward be placed on trial for murder, the reason being that he has a constitutional guaranty that he shall not twice be placed in jeopardy for the same offense.   *Rolls* v. *State,* 52 Miss., 391.   But as to the offense of manslaughter, of which he was convicted, having, upon his own application, secured a new trial, he cannot be heard to say that he shall not again face a jury to answer that charge. Brought to its final analysis, the argument in behalf of appellant on this point is: On the first trial, having been acquitted of the charge of murder because he was proven guilty of manslaughter, it is urged that he cannot now be convicted of manslaughter because he is proven guilty of murder.   We cannot assent to any such devious logic.   It has been well said that the fact that the jury, in their mercy or through sympathy, did not convict defendant of the graver crime of which the evidence showed him to have been guilty, is no argument why the courts should not inflict adequate punishment for the lesser crime of which he was convicted.   This has been repeatedly decided in this state.   *Lanier* v. *State,* 57 Miss., 102.

The instructions for the state are not subject to the criticism to which they are subjected.  The jury are told that they could not convict of murder because of the previous acquittal.  Manslaughter is accurately defined, and the elementary principle is announced that threats, unaccompanied by an overt act, do not justify the commission of a homicide, and that it was for the jury to decide whether any overt act had been committed.   It needs no citation of authority to show that appellant has here no ground of complaint.

The fourth assignment of error is based upon alleged improper remarks made by the district attorney and the lawyer who was engaged to assist him at the trial.  The use of the lan-

guage complained of is not manifested to us in any manner pointed out by the law. There is no special bill of exceptions, such as is required by law; the trial judge was not asked to interpose, and, according to his statement, no exception was reserved at the time the language is said to have been employed. The first mention of the alleged transgression on the part of the counsel for state is found in the motion for a new trial. The testimony taken on the hearing of that motion discloses a sharp conflict as to the exact expressions made use of in the course of arugument, counsel for the state averring that their entire argument was strictly within the bounds of legitimate comment upon the testimony, and that the expressions complained of were used in the discussion of testimony of witnesses for defendant, and based on evidence in reference to matters introduced, upon the express withdrawal of all objection by the counsel for defendant. The record fails absolutely to show any such distortion of the evidence, or such unwarranted abuse of privilege, as required or authorized the voluntary, unasked interposition on the part of the trial judge. The privilege and duty of counsel desiring to reserve exception to improper language used in argument, or other incident occurring during the trial, is plain, and has been repeatedly pointed out by this court. We again say that it is the duty of counsel desiring to reserve exception to language used in argument to object at the time, and embody the alleged improper language and the action and ruling of the court in a special bill of exception taken during the progress of the trial or during the term, as required by law. Sections 734, 735, Code 1892; *Cartwright* v. *State,* 71 Miss., 82, s. c., 14 So. Rep., 526; *Gibson* v. *State* (Miss.), 23 So. Rep., 582; *Albrecht* v. *State,* 62 Miss., 516. If no special bill of exception is so taken, an assignment of error based on alleged use of improper argument will not be considered by this court.

The fifth assignment of error challenges the right of the special judge to preside at the trial, and is based on the following state of facts: The regular circuit judge of that district, having

been counsel of defendant, was disqualified by § 919, Code 1892, from presiding at his trial. An agreement was made between the attorneys in the case, selecting a special judge to preside on the trial, as provided by § 920 of the code. This agreement is evidenced by an order on the minutes of the court. Afterward, in order to obtain a continuance, it is admitted by counsel for appellant that they undertook to withdraw from the agreement, and accordingly the case was for that term continued, whereupon, before the next term of the court, the regular circuit judge, under Code 1892, § 921, certified his disqualification to the governor, who appointed the same attorney who had been selected by agreement, and commissioned him as a special judge, and he presided at the trial from its beginning to its ending. It is conceded that the special judge failed to take the oath of office required by the constitution of judges before commencement of the trial, or at any time. It is argued that the fact that no oath was taken rendered all the acts of the special judge void, and it is further argued that § 920, Code 1892, by which it is provided that special judges may be selected by agreement in criminal cases, is itself unconstitutional because sec. 165 of the constitution 1890, only applies to civil cases. The answer to this branch of the argument is twofold: If it be conceded that sec. 165, constitution 1890, does by its language refer only to civil cases, yet, as there is no inhibition in that section, it does not deprive the legislature of the power of passing laws authorizing the selection of special judges. Again, if § 920 of the code be unconstitutional, the question would still remain whether or not this would necessarily operate to render void the acts of a special judge who had been selected before the unconstitutionality of the statute had been judicially declared. Decision upon this point is not essential to the determining of the question here presented. The record affirmatively discloses the fact that the regular judge was disqualified to preside. It then became necessary, in order that the laws might be properly administered, that a special judge should be selected in some legal manner. A dis-

qualification, so far as this case was concerned, existed as to the regular circuit judge of that district; a disqualification which, under the existing code provisions, could be met either by agreement or by the commission of the governor. It appears from the record that all parties treated the agreement as annulled, and therefore the special judge was duly commissioned as required by the constitution and the statute. This being so, it brings us at last to the sole question of whether the acts of the special judge are void for the reason only that he failed to take, before entering upon the discharge of his duties, the oath prescribed by law. It is contended by counsel for appellant that, the oath of office being a constitutional requirement, it is indispensable to the legitimate exercise of any of the functions of office, and that the acts of such an incumbent cannot be upheld upon the ground that he is a *de facto* officer, for the reason, it is said, that he is not rightfully in possession and control of the office. This is a question on which a great variety of opinions has been expressed, and many authorities can be cited sustaining the contentions here made. We adopt, however, as the true view, that one in possession of an office, judicial or not, who exercises the functions of the position, is to be considered, as to all persons dealing with him, rightfully in possession of the office, and that his acts as such are valid and binding, and this, too, whether he fails to take the oath required, or even though it should be judicially determined that the law under which he was appointed or selected was unconstitutional. The orderly dispatch of business, the validity which is implied of all judicial decisions, the necessity that official acts should not be set aside by any future happening, and that rights vested and causes adjudicated by any tribunal should not afterwards be disturbed and unsettled for any cause, all demand the recognition of the rule, and show the reason and wisdom on which it is founded. In the instant case a disqualification existed as to the regular circuit judge, and the special judge who presided herein was duly appointed and commissioned to fill such position, and by virtue of such appoint-

ment he assumed such position and discharged the duties thereof. He was therefore not an usurper, but a *de facto* officer, and to his acts as such the law attaches validity. "Where an office exists under the law, it matters not how the appointment of the incumbent is made, so far as the validity of his acts are concerned. It is enough that he is clothed with the insignia of office and exercises its powers and functions." Fields, J., in *Norton v. Shelby Co.,* 118 U. S., 178. The failure to take the oath required, or to conform to some precedent condition, or to comply with some formality, will not affect the validity of his official or judicial acts. *State* v. *Miller,* 111 Mo., 548, 20 S. W., 243; *State* v. *Carroll,* 38 Conn., 449, 9 Am. Rep., 409; *State* v. *Gamble,* 108 Mo., 500, 18 S. W., 1111; *Cocke* v. *Halsey,* 16 Pet. 71, 10 L. Ed., 891; § 3065, Code 1892; *Clark* v. *Com.,* 29 Pa., 129; *Vicksburg* v. *Lombard,* 51 Miss., 111. Therefore, it being undenied that a disqualification did exist, and that the necessity for the appointment of a special judge arose therefrom, and that the special judge was duly commissioned to proceed in this particular case, and did assume and discharge the functions, duties, and powers of the position, we hold that his acts were not invalidated by his failure to take the prescribed oath, but are as effective as if the regular judge of the district had presided.

In deference to the earnestness with which the views of the counsel for appellant are pressed, we have given each and every assignment of error careful and painstaking consideration, and find no error. If the testimony for the state be true, appellant has upon him "the guilt of premeditated and contrived murder," and we think has no cause to complain of the mercy shown him by the jury.

*Affirmed.*